## JOUETT vs. ERWIN ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

An instrument of writing, acknowledging the receipt of certain notes for collection, and the money to be handed over, *or the notes returned when called for*, does not come within that class of obligations which are prescribed in five years. No prescription runs against it, until some act is done by which a right of action accrues.

A receipt for notes to collect and pay over, or return when called for, is rather evidence of a mandate than an obligation to pay money, in which the subscriber to the instrument of writing constitutes himself an agent to secure and receive payment, and pay over the sums collected, &c.

This is an action brought by the plaintiff, in October, 1832, against the surviving widow and heirs of the late Joseph Erwin, on the following instrument of writing:

" I have this day received from Thomas Jouett, two notes of hand signed by Abraham Wright, the capital [principal]

unpaid of which notes remaining due, amounts to five hundred dollars.    I have received the above notes for the purpose of securing their amount, if practicable, without suit, and if so secured, and by me received, to be paid to the said Jouett or his order, and if not so secured, the said notes are to be returned when called for by him."        "Joseph Erwin."

"Iberville, 6th March, 1823."

The defendants pleaded a general denial, and the prescription of five years.

Upon these issues, the cause was submitted to the court. The district judge presiding, was of opinion that the instrument of writing sued on, being payable to order, and transferable, was included in the class of bills and notes, and prescribed against by the lapse of five years, according to the article 3505 of the *Louisiana Code.*

Judgment was rendered in favor of the defendant.    The plaintiff appealed.

*Ives* and *Edwards,* for the plaintiff and appellant.

1. The judgment of the court below is erroneous and should be reversed, because the instrument sued on is not negotiable, and therefore not liable to prescription in the meaning of the provisions of the *Louisiana Code, article* 3505. See 12 *Martin,* 671.    *Chitty on Bills,* 45 and 6.

2. No prescription can be pleaded and sustained in this case, except the prescription of ten and twenty years, which prescription has not yet run and become complete.    See *Louisiana Code, article* 3508.

*Bullard, J.,* delivered the opinion of the court.

This action is brought upon an instrument of writing signed by the late Joseph Erwin, the ancestor of the defendants, by which he acknowledges to have received from the plaintiff, two notes signed by Abraham Wright, upon which five hundred dollars were due, for the purpose of securing the amount, if practicable, without suit, and if so secured and by him (Erwin) received, to be paid to said Jouett, or his

order, and if not so secured, the notes to be returned when
called for.   This paper bears date March 6, 1823.   The
plaintiff sues for the amount due on  the notes, or for a
surrender of the notes themselves, in the alternative.

The defendants pleaded a general denial, and the
prescription of five years.   The plea of prescription being
sustained by the District Court, and the suit dismissed, the
plaintiff appealed.

Article 3505 of the Louisiana Code, on which the
defendants rely to sustain this prescription, declares, "that
actions on bills of exchange, notes payable to order or bearer,
except bank notes, those on all effects negotiable or transfera-
ble by endorsement or delivery, are prescribed by five years,
reckoning from the day when these engagements are payable."

Even admitting, for the sake of argument, that the paper
sued on, comes within the class of engagements contempla-
ted by this article, yet the time at which the payment was to
be made on the notes surrendered, is left wholly indefinite.
It does not appear that five years have elapsed since a right
of action accrued to the plaintiff, although the paper bears
date more than ten years ago.   But we consider the instru-
ment in question, rather as evidence of a mandate, than
as an obligation for the payment of money.   The subscriber
constitutes himself the agent of the plaintiff, to secure the
payment of certain notes without suit, and he engages to
account to his principal on demand; to pay him over the
money, if he should receive it, and if not, to return the
notes.

We are, therefore, of opinion that the court erred in
sustaining the plea of prescription, but the evidence in the
record does not enable us to decide upon the merits.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be avoided and reversed, the
case reinstated, and the plea of prescription overruled ; and
it is further ordered, that the case be remanded for further
proceedings according to law, and that the appellees pay the
costs of the appeal.

An instrument of writing, acknowledging the receipt of certain notes for collection, and the money to be handed over, *or the notes returned when called for*, does not come within that class of obligations which are prescribed in five years. No prescription runs against it, until some act is done by which a right of action accrues.

A receipt for notes to collect and pay over, or return when called for, is rather evidence of a mandate, than an obligation to pay money, in which the subscriber to the instrument of writing constitutes himself an agent, to secure and receive payment, and pay over the sum collected, &c.